IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00447-BNB

RAYMOND L. MONTOYA, JR.,

    Plaintiff,

v.

ARISTEDES ZAVARAS, Director,
DAVID MICHAUD, Chairman of the Board,
MR. NICK RACHIO,
MRS. JESSICA KARRIGAN,
MRS. PFALTZGRAFF,
ALL FLOOR STAFF – X THRU XL,
KEVIN ESTEP, Warden,
MARY CARNELL, Medical Director,
CHARLES EVERETT, Unit Manager, and
ALL MEDICAL STAFF,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Raymond L. Montoya, Jr., has filed *pro se* a Complaint (ECF No. 5). The court must construe the Complaint liberally because Mr. Montoya is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Montoya will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The court has reviewed the Complaint and finds that the Complaint is deficient. For one thing, it is not clear exactly who and how many Defendants Mr. Montoya is

suing because two of the named Defendants, "All Floor Staff – X Thru XL" and "All Medical Staff," are not proper Defendants in this action. Mr. Montoya should name as Defendants the individual members of the floor staff and the medical staff if he is asserting claims against those individuals, and he must identify those individuals. Mr. Montoya may use fictitious names, such as John and Jane Doe, if he does not know the real names of the individuals he is suing, but he must make clear how many John and Jane Does are being named as Defendants and he must provide sufficient information about each defendant so that he or she can be identified for purposes of service. Pursuant to Rule 10.1J. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a caption with one party per line. The proper name of a party shall be in capital letters, and any identifying text shall be in upper and lower case immediately following the proper name."

The court also finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is

entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Montoya fails to provide a short and plain statement of the grounds for the court's jurisdiction. In other words, Mr. Montoya fails to identify the statutory authority that allows the court to consider the claims he is asserting in this action.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Mr. Montoya alleges in the Complaint that he was mistreated and denied adequate medical treatment while incarcerated at various state prisons in Colorado. If Mr. Montoya intends to assert claims that his constitutional rights were violated as a result of the alleged mistreatment and inadequate medical care, his claims may be asserted pursuant to 42 U.S.C. § 1983, which "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). If Mr. Montoya is asserting claims pursuant to

§ 1983, the court has subject matter jurisdiction over those claims pursuant to 28 U.S.C. § 1331 and 1343(a)(3).  However, if Mr. Montoya does not intend to assert constitutional claims in this action, he must identify in his amended complaint the statutory authority that allows the court to consider his claims.

Mr. Montoya's failure to identify the statutory authority for the court's jurisdiction is compounded by his failure to provide a short and plain statement of his claims showing that he is entitled to relief.  In particular, Mr. Montoya fails to identify the specific claims he is asserting and he fails to identify what each Defendant did that allegedly violated his rights.  Finally, Mr. Montoya also fails to identify the relief he seeks in this action.

For all of these reasons, Mr. Montoya must file an amended complaint if he wishes to pursue any claims in this action.  Mr. Montoya must identify, clearly and concisely, who he is suing; the specific claims he is asserting; the specific facts that support each asserted claim; against which Defendant or Defendants he is asserting each claim; and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Montoya file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Mr. Montoya shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov).  It is

FURTHER ORDERED that the action will be dismissed without further notice if Mr. Montoya fails within the time allowed to file an amended complaint that complies with this order.

DATED March 27, 2013, at Denver, Colorado.

                                        BY THE COURT:

                                         s/ Boyd N. Boland
                                        United States Magistrate Judge