IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00447-BNB

RAYMOND L. MONTOYA, JR.,

    Plaintiff,

v.

ARISTEDES ZAVARAS, Director,
DAVID MICHAUD, Chairman of the Board,
MR. NICK RACHIO,
MRS. JESSICA KARRIGAN,
MRS. PFALTZGRAFF,
KEVIN ESTEP, Warden,
MARY CARNELL, Medical Director,
MS. R. G. ROGRSA, and
CHARLES EVERETT, Unit Manager,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Raymond L. Montoya, Jr., initiated this action by filing *pro se* a notice of intent to sue (ECF No. 1). On March 22, 2013, Mr. Montoya filed a Complaint (ECF No. 5). On March 27, 2013, the court ordered Mr. Montoya to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On April 29, 2013, Mr. Montoya filed an amended Complaint (ECF No. 8).

    The court notes initially that the amended Complaint is not signed by Mr. Montoya. Pursuant to Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed" and "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . .

. party's attention." Fed. R. Civ. P. 11(a).  Although the amended Complaint is not signed, the court will not require Mr. Montoya to file a signed copy of the amended Complaint because Mr. Montoya still fails to provide a short and plain statement of his claims showing that he is entitled to relief as required pursuant to Rule 8.  Therefore, Mr. Montoya will be directed to file a second amended complaint as discussed in this order.

The court must construe the amended Complaint liberally because Mr. Montoya is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

The court has reviewed the amended Complaint and finds that the amended Complaint remains deficient.  In the court's March 27 order directing Mr. Montoya to file an amended complaint, the court noted that Mr. Montoya failed to identify the statutory authority that allows the court to consider his claims in this action, failed to provide a short and plain statement of his claims showing he is entitled to relief, and failed to specify the relief he seeks in this action.  In the amended Complaint, Mr. Montoya asserts he is "seeking monetary compensation for the pain and suffering [he] sustained; and for violation of [his] civil rights during [his] imprisonment with the Colorado Department of Corrections." (ECF No. 8 at 3.)  Based on this assertion, the court construes the amended Complaint as asserting civil rights claims for damages pursuant to 42 U.S.C. § 1983.

With respect to the requirement that Mr. Montoya provide a short and plain statement of his claims showing he is entitled to relief, he does make some effort to link

his claims in the amended Complaint to the named Defendants.  In particular, Mr. Montoya includes within each claim the names of the Defendants against whom the claim apparently is asserted.  However, Mr. Montoya still fails to assert, clearly and concisely, what each Defendant did that allegedly violated his civil rights.

Because it appears that Mr. Montoya has made some effort to comply with the directives in the court's March 27 order, he will be given one more opportunity to file a pleading that complies with Rule 8.  For each claim Mr. Montoya asserts in the second amended complaint, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a § 1983 action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Montoya must show that each Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055

(10th Cir. 1993). Mr. Montoya cannot satisfy the requirement of alleging personal participation by simply listing the names of one or more Defendants in each claim he asserts. Instead, he must provide specific factual allegations regarding what each named Defendant did that allegedly violated his rights.

A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

> [W]hen a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199. Accordingly, it is

ORDERED that Mr. Montoya file, **within thirty (30) days from the date of this order**, a second amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Montoya shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Montoya fails to file a second amended

complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED May 2, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge